# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

CHRISTOPHER DUNLAP, )
)
      Plaintiff, )
)
      v. )    No. 6:17-03223-CV-RK
)
NANCY A. BERRYHILL, ACTING )
COMMISSIONER OF SSA; )
)
      Defendant. )

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the [Administrative Law Judge's ("ALJ")] decision." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and

conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined Plaintiff had the following severe impairments: obstructive sleep apnea, degenerative disc disease of the lumbar and cervical spine, insulin dependent diabetes mellitus, diabetic neuropathy, anxiety, post-traumatic stress disorder, depression, obesity, and hyperlipidemia. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with some limitations.[1] Although the ALJ found that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff presents the following issues: (1) whether the ALJ's decision to give the opinion of Plaintiff's treating physician, Dr. Bridges, only some weight is supported by substantial evidence, and (2) whether the RFC was properly formulated.[2]

Substantial evidence supports the ALJ's decision to discount Dr. Bridges' opinion. *See Renstrom v. Astrue*, 680 F.3d 1057, 1064-65 (8th Cir. 2012) (It is the province of the ALJ to weigh the medical opinions of record, formulate Plaintiff's RFC, and make the ultimate disability determination.); *Bernard v. Colvin*, 774 F.3d 482, 482 (8th Cir. 2014) (The ALJ must evaluate the records as a whole; therefore, the opinions of treating physicians do not automatically control.).

---

[1] Plaintiff's RFC included the following limitations: Plaintiff must have a sit/stand option at the work site with the ability to change positions frequently, further defined as every hour for one minute after which Plaintiff can return to the same or a different position; Plaintiff can never climb ladders and scaffolds, kneel, crouch, and crawl; Plaintiff can occasionally climb stairs and ramps, as well as occasionally stoop; Plaintiff can frequently push and pull with both arms and legs and reach in all directions; Plaintiff must use a cane to ambulate to the work site; Plaintiff must avoid concentrated exposure to extreme cold and vibrations, further defined as performing jobs such as operating jackhammers or other equipment where the operator is significantly vibrated; Plaintiff can understand, remember, and carry out simple instructions and non-detailed tasks; Plaintiff can respond appropriately to supervision and coworkers in a task-oriented setting where contact with others, including the public, is infrequent; and Plaintiff can perform repetitive work according to set procedures, sequence, or pace.

[2] Dr. Bridges opined Plaintiff's chronic pain issues were unlikely to be remedied by any procedure, and Plaintiff's treatment measures would largely be chronic pain management and lifestyle changes.

The ALJ gave Dr. Bridges' opinion only some weight because Dr. Bridges' opinion was a Medical Source Statement in a conclusory checkbox format; the opinion and corresponding limitations were inconsistent with Dr. Bridges' own treatment notes;[3] inconsistent with Plaintiff's ability to perform activities of daily living; and inconsistent with the objective medical evidence in the record.[4] *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) ("[W]e have recognized that a conclusory checkbox form has little evidentiary value when it 'cites no medical evidence, and provides little to no elaboration.'") (quoting *Wildman*, 596 F.3d 959, 965 n.3 (8th Cir. 2010); *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997) ("[RFC] checklists, though admissible, are entitled to little weight in the evaluation of disability[.]"); *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000) (affirming the ALJ's decision "to discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions"); *McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013) (Substantial evidence supports an ALJ's finding that a claimant is not disabled where claimant was not restricted in daily activities including: cooking, caring for pets, computer use, and grocery shopping.); and *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) (An ALJ may discount or reject a medical opinion when that opinion is inconsistent with the record as a whole.).

Plaintiff also argues the ALJ's decision to give little weight to Dr. Bridges created an RFC that was not based on any medical evidence. However, substantial evidence supports the ALJ's RFC determination. "Medical records, physician observations, and the claimant's subjective statements about his capabilities may be used to support the RFC." *Perks v. Astrue*, 687 F.3d

---

[3] Dr. Bridges' treatment notes showed tenderness to palpation in the spine, but Dr. Bridges opined Plaintiff did not have limitations with reaching, handling, or fingering. Further, Plaintiff's positive responses to prescription medication and Dr. Bridges' decision not to increase Plaintiff's medication dosage are inconsistent with her opinied severe limitations.

[4] For instance, Neurosurgeon Dr. Ceola determined the MRI findings concerning degenerative disc disease were stable, and the MRI findings did not correlate with Plaintiff's complaints of right sided weakness and lower extremity weakness. Concerning Plaintiff's diabetes mellitus, the medical records show that while Plaintiff remains insulin dependent, Plaintiff's blood sugar and diabetes are assessed as under control. In regards to mental functioning, Plaintiff treatment records focus on situational factors related to his girlfriend's health issues and not his own. Further, the records show that Plaintiff has responded positively to anti-anxiety medication, Plaintiff has good control of his mood and anxiety, and Dr. Bridges declined to increase his anxiety medication, stating the dosage prescribed was sufficient.

1986, 1092 (8th Cir. 2012).  The ALJ relied on the entire record, including medical examination findings, treatment records, diagnostic testing results, and Plaintiff's activities of daily living when formulating the RFC.[5]

### Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  July 23, 2018

---

[5] Plaintiff's overall medical treatment has remained conservative, largely consisting of pain and psychotropic medication, and his diabetes mellitus is under control.  Plaintiff's anxiety is well controlled with medication, and Plaintiff has not required psychiatric hospitalization nor has he experienced anything more than transient episodes of decompensation, largely in the context of coping with situational factors. Finally, Plaintiff is able to engage in activities of daily living that require some degree of concentration and attention.